**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Eric Mosley,** | ) | **CASE NO. 1:10 CV 1408** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Maggie Beightler, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Vecchiarelli (Doc. 7) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or

recommendation."

**Discussion**

Petitioner, Eric Mosley, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued her Report and Recommendation recommending that the Petition be denied. Petitioner filed Objections to the Report and Recommendation.

The Petition raises two grounds for relief[1]: (1) There was insufficient evidence of restraint of the victim to sustain the offense of kidnapping. (2) The defendant was convicted of two offenses that, under Ohio law, are allied offenses of similar import, in violation of federal due process and federal Double Jeopardy.

The Magistrate Judge determined that Ground One lacked merit and that Ground Two was procedurally defaulted. Petitioner objected only as to Ground Two. Having reviewed the Report and Recommendation as to Ground One for clear error, the Court agrees with the findings and conclusions of the Magistrate Judge and accepts that recommendation, incorporating the report herein by reference.

The Magistrate Judge found Ground Two to be procedurally defaulted on the basis that Petitioner failed to fairly present this claim to the state court as a federal constitutional claim. Petitioner objected, arguing that although the federal constitution was not explicitly invoked in the state court proceedings, he "relied at all times on the Ohio case of *State v. Rance*, 85 Ohio

---

[1] The Report and Recommendation states that the Petition was filed on March 11, 2010, and raises four grounds for relief. The Petition was actually filed on June 23, 2010, and raises two grounds for relief. To the extent the Report and Recommendation is incorporated herein, this correction is made.

St.3d 632 (1999), and the Eighth District Court of Appeals analyzed the case under *Rance*" which "clearly discusses the relationship between Ohio's allied offense law and the Double Jeopardy Clause of the Fifth Amendment." (Doc. 10 at 1)

As recognized by the Magistrate Judge, petitioner must fairly present his federal constitutional claims to the state courts for consideration before raising them in a federal habeas corpus action. Petitioner contends that the Magistrate Judge erred because petitioner relied on *Rance,* which references the Fifth Amendment, and that the Eighth District Court of Appeals, in turn, analyzed his case under that decision. For the following reasons, this Court disagrees.

In his brief to the Eighth District, petitioner argued that under Ohio law, codified in the Ohio Revised Code, a defendant cannot be separately convicted and sentenced on two allied offenses of similar import when those offenses arise out of essentially the same conduct. Petitioner relied on all Ohio cases to support his argument. Petitioner did cite to *Rance,* but only to show that the approach set forth in that case has not been uniformly followed by the Ohio state courts.[2] In its opinion, the Eighth District also analyzed the claim under Ohio law, beginning with the applicable statute and then discussing the Ohio case law interpreting the statute. Contrary to petitioner's assertion, the Eighth District did not *analyze the case* under *Rance.* Rather, that court recognized that beginning with a 1988 decision, the Ohio Supreme Court, in applying the statute, has followed a two-tiered test in determining whether two offenses are allied offenses of similar import. In 1999, the Ohio Supreme Court in *Rance* explained that in conducting the first part of the test, courts should compare the statutory elements of the offenses

---

[2] Petitioner essentially presented the same argument to the Ohio Supreme Court and, in fact, argued that the approach set forth in *Rance* should not be followed. The Ohio Supreme Court declined to accept the appeal.

3

in the abstract rather than consider the particular facts of the case. Two Ohio Supreme Court cases decided in 2008, however, "clarified" and "revisited" *Rance*. The Eighth District applied one of these latter Ohio Supreme Court cases to conclude that the offenses of domestic violence and kidnapping are not allied offenses of similar import.

For these reasons, the Court agrees with the Magistrate Judge's conclusion that Ground Two is procedurally defaulted.

### **Conclusion**

Accordingly, the Report and Recommendation is accepted. The Petition for Writ of Habeas Corpus is denied. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/18/11